**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

VICTOR ANDERSON,                        :
   *Plaintiff*,                         :
                                        :
   v.                                   :        Civil No. 3:26-cv-356-OAW
                                        :
CITY OF MONTVILLE, ET AL.,              :
   *Defendants*.                        :

## INITIAL REVIEW ORDER

Self-represented Plaintiff Victor Anderson, currently detained at Corrigan-Radgowski Correctional Institution, claims that Defendants, the City of Montville (hereinafter, "Montville") and several Montville officials, deprived him of his rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 (hereinafter, "Section 1983").[1] ECF No. 1, at 1–4.  Since bringing this action, Plaintiff has filed a Motion to Appoint Counsel.[2]  ECF No. 4.  Defendants have appeared, *see* ECF No. 17, and filed a Motion for Extension of Time to Plead, *see* ECF No. 18, and a Motion to Dismiss, *see* ECF No. 19.

Under the Prison Litigation Reform Act (hereinafter, "PLRA"), courts must review complaints brought by prisoners and dismiss any claims that fail to "meet certain minimum legal requirements." *Jolley v. Second Jud. Cir. of U.S.,* No. 3:03-cv-1794 (DJS), 2004 WL

---

[1] Plaintiff alleges that Defendants subjected him to excessive force during the course of arresting him. ECF No. 1, at 1– 4.  Although he claims that their use of such force deprived him of his Eighth Amendment rights, it is actually the Fourth Amendment that protects against "the use of excessive force by police officers in arresting suspects." *Correa v. McLeod*, No. 3:17-CV-1059 (VLB), 2017 WL 2962884, at *3 (D. Conn. July 11, 2017) (citing *Hemphill v. Schott*, 141 F.3d 412, 416-17 (2d Cir. 1998)).  The court must "liberally construe" the Complaint, and therefore reviews Plaintiff's excessive force-related claims consistent with the Fourth (and not the Eighth) Amendment. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citing *Bertin v. U.S*, 478 F.3d 489, 491 (2d Cir. 2007)).
[2] Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*, *see* ECF No. 13, which the court granted on April 1, 2026, *see* ECF No. 15.

1

1171381, at *1 (D. Conn. May 25, 2004); *see also* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).  The court carefully has reviewed the Complaint, *see* ECF No. 1, and finds that the Section 1983 claim for excessive force may proceed against the "John Doe" Defendants in their individual capacities.   However, the court **DISMISSES** without prejudice all other claims against all other Defendants, **DENIES** without prejudice the Motion to Appoint Counsel, **GRANTS** the Motion for Extension of Time to Plead, and **DENIES** without prejudice the Motion to Dismiss.

## I.   STANDARD OF REVIEW

The PLRA requires dismissal of any claim that is **(i)** "frivolous or malicious," **(ii)** "fails to state a claim on which relief may be granted," or **(iii)** "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915A, 1915(e)(2)(B).

A claim is frivolous when it "is based on an indisputably meritless legal theory" or when "it is clear that the defendants are immune from suit."  *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-327 (1989)).  A complaint fails to state a claim when it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,  556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) (internal quotation marks omitted).   Courts "accept as true all of the allegations contained in [a] complaint [except] legal conclusions" when determining whether it is frivolous or fails to state a claim.  *Id*. at 555.  However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth."  *Id*.  Courts "liberally construe pleadings . . .

2

submitted by *pro se* litigants" by "reading [them] to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citing *Bertin v. U.S*, 478 F.3d 489, 491 (2d Cir. 2007)). However, they "may not fill the gaps of a *pro se* plaintiff's complaint by imagining facts that are not alleged." *Mugabo v. Wagner*, No. 22-CV-930-A, 2024 WL 1621534, at *2 (W.D.N.Y. Apr. 15, 2024) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

"Courts typically dismiss *pro se* complaints that do not satisfy this standard of review without prejudice," meaning that the plaintiff may file an amendment that addresses the court's concerns and meets the PLRA's requirements. *Cornish v. Tripp*, No. 3:24-CV-02019-SVN, 2025 WL 2108258, at *2 (D. Conn. Mar. 31, 2025) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). However, the United States Court of Appeals for the Second Circuit "directs this court to dismiss *pro se* complaints with prejudice, or without otherwise granting leave to amend," when it can "'rule out any possibility, however unlikely it might be,' that 'an amendment will result in a claim being successfully pleaded.'" *Id*. (citing *Gomez*, 171 F.3d at 796).

## II.   <u>BACKGROUND</u>

The following allegations are taken from the Complaint, *see* ECF No. 1, and accepted as true and liberally construed to assert the strongest plausible claims, *see McLeod*, 864 F.3d at 156.

On the evening of November 21, 2025, several unidentified Montville police officers approached Plaintiff while he was walking on the Norwich-New London Turnpike.[3] ECF

---

[3] In light of Plaintiff's *pro se* status, *see McLeod*, 864 F.3d at 156, the court presumes that the unidentified Montville police officers are the same individuals as the "John Doe" Defendants.

No. 1, at 2. Plaintiff immediately "was so scared" of the officers, because they all are "white" and he is "African American." *Id*.

After questioning Plaintiff, the officers violently arrested him. ECF No. 1, at 2. Specifically, they "grab[bed]" Plaintiff, "press[ed]" him "up against a police car, very aggressively," "call[ed] him names" and threatened him with further such force if he did not comply. *Id*. They also slammed Plaintiff onto the ground, face-first, which caused him to bleed from his head, leg, hand, and teeth, and to experience chest pain. *Id*.

Plaintiff was transported by the unidentified officers to the Montville Police Station. ECF No. 1, at 3. There, he told an officer that he was not feeling well, but that officer threatened him with more force if he did not comply. *Id*. Plaintiff eventually lost consciousness at the Station, was admitted to a nearby hospital for immediate treatment, and ultimately was transferred to a "bigger hospital" for further treatment.[4] *Id*. Plaintiff underwent several tests while hospitalized, as well as surgery on his heart, on account of the injuries he sustained during his November 2025 arrest. *Id*. He continues to suffer from chest pains, migraines, scarring, and numbness, among other things. *Id*.

Based on these allegations, Plaintiff claims that Montville, its Mayor (Defendant Leonard Bunnell), its Chief of Police (Defendant Wilfred Blanchette), and the unidentified Montville police officers (Defendants "John Doe") deprived him of his Fourth and Fourteenth Amendment rights by subjecting him to excessive force and denying him equal protection under the law. ECF No. 1, at 3-4. He brings this action against them in their official and individual capacities, as applicable, and he seeks injunctive, declarative, and monetary relief. *Id*.

---

[4] Plaintiff filed a copy of his discharge papers from his hospital visit, which indicates that he was hospitalized from November 22 until November 23, 2025. *See* ECF No. 1, at 5.

4

### III.    DISCUSSION

"The common elements to all [Section] 1983 claims" are **(i)** "'the conduct complained of must have been committed by a person acting under color of state law,'" and **(ii)** "'the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

#### A.  Section 1983 Claim for Monetary Relief

##### 1.  Montville

A municipality, like Montville, is a "person" within the meaning of Section 1983. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163–164 (D. Conn. 2005).  However, the Supreme Court of the United States, in *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978), decided that municipalities become subject to Section 1983 liability only "when the violation of the plaintiff's federally protected right is attributable to the enforcement or execution of a municipal policy, practice, or custom." *Li v. Connecticut*, No. 3:22-cv-00996 (VAB), 2022 WL 3347220, at \*21 (D. Conn. Aug. 11, 2022) (citing *Monell*, 436 U.S. at 694); *see also Hernandez v. Conn. Ct. Support Servs. Div*., 726 F. Supp. 2d 153, 156–57 (D. Conn. Nov. 3, 2009).  To demonstrate such a policy, practice, or custom, a plaintiff must allege "the existence of" **(i)** "'a formal policy'"; **(ii)** "'actions taken or decisions made by final municipal policymakers that caused the violation of plaintiff's rights;'" **(iii)** "'a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policymakers;'" or **(iv)** "'a failure to properly train or

supervise municipal employees that amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.'" *Glossian v. Southington Police Dep't*, No. 24-cv-1406 (SFR), 2026 WL 73709, at *4 (D. Conn. Jan. 9, 2026) (quoting *Gomez v. City of Norwalk*, No. 3:15-cv-01434 (MPS), 2017 WL 3033322, at *3 (D. Conn. July 17, 2017)).

The Complaint contains *no* such allegations. ECF No. 1, at 1-4. Accordingly, the court finds that Plaintiff has failed to state a Section 1983 claim against Montville and dismisses such claim without prejudice—meaning that Plaintiff may file an amended complaint containing sufficient factual allegations about Montville to satisfy *Monell*. *See Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 571 (S.D.N.Y. 2024) (recognizing that dismissal with prejudice is appropriate only "when the flaws in [the] pleading are incurable") (internal citations and quotation marks omitted).

### 2. <u>Defendants "John Doe," Bunnell, and Blanchett in their Official Capacities</u>

"A [Section] 1983 claim 'against a [municipal] official,'" such as a mayor, police chief, or police officer, "'sued in his official capacity . . . cannot be sustained unless the plaintiff shows that the violation of [his or] her federal rights [by such official] was the result of a municipal custom or policy.'" *Boyler v. City of Lackawanna*, 287 F. Supp. 3d 308, 316 (W.D.N.Y. 2018), *aff'd*, 765 F. App'x 493 (2d Cir. 2019) (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 168 (2d Cir. 2012)).

The Complaint contains *no* allegations about Defendants Bunnell and Blanchett whatsoever, and no allegations that the "John Doe" Defendants deprived Plaintiff of his rights pursuant to any Montville policies, practices, or customs. ECF No. 1, at 1–4. The

court therefore finds that Plaintiff has failed to state a Section 1983 claim against such Defendants in their official capacities, and dismisses such claim without prejudice— meaning that Plaintiff may file an amended complaint containing sufficient factual allegations to state a plausible official-capacity Section 1983 claim against them. *See Diaz-Roa*, 757 F. Supp. 3d at 571.

### 3.  Defendants Bunnell and Blanchett in their Individual Capacities

"It is well settled" that the "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991)).  The United States Court of Appeals for the Second Circuit "has defined 'personal involvement' to mean direct participation, such as 'personal participation by one who has knowledge of the facts that rendered the conduct illegal,' or indirect participation, such as 'ordering or helping others to do the unlawful acts.'" *Rivera v. Viger*, No. 3:21-cv-00470 (VAB), 2021 WL 3269095, at *3 (D. Conn. July 30, 2021) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)). Supervisors, including mayors and police chiefs, "may not be held liable for the unconstitutional conduct of their subordinates."  *Id*. (internal citation and quotation marks omitted).  "[T]here is no special rule for supervisory liability" under Section 1983 . . . "a plaintiff must plead and prove 'that each Government-official defendant'" violated the Constitution "'through the official's *own* individual actions.'"  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

7

Although named as defendants, the Complaint contains *no* allegations about Defendants Bunnel and Blanchett whatsoever.  ECF No. 1, at 1-4.  Accordingly, the court finds that Plaintiff has failed to state a Section 1983 claim against them in their individual capacities, and dismisses such claim without prejudice—meaning that Plaintiff may file an amended complaint alleging their personal involvement in his November 2025 arrest. *See Diaz-Roa*, 757 F. Supp. 3d at 571.

### 4.  The "John Doe" Defendants in their Individual Capacities

Plaintiff claims that the "John Doe" Defendants violated Section 1983 when they subjected him to excessive force and denied him the equal protection of law during his November 2025 arrest, thereby depriving him of his rights under the Fourth and Fourteenth Amendments.  ECF No. 1, at 1–4.

To state a Fourth Amendment excessive force claim under Section 1983, "the Plaintiff must [allege] that the force used by the [arresting] officer was 'objectively unreasonable.'"  *Correa v. McLeod*, No. 3:17-CV-1059 (VLB), 2017 WL 2962884, at *3 (D. Conn. July 11, 2017) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Reasonableness "must be judged from the perspective of a reasonable police officer on the scene . . . and 'requires consideration of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight.'" *Id*. (quoting *Hemphill v. Schott*, 141 F.3d 412, 416–17 (2d Cir. 1998)).

The Complaint alleges that the "John Doe" Defendants grabbed Plaintiff, aggressively pressed him up against a police car, called him names, threatened him with

force, and slammed him onto the ground during his November 2025 arrest, such that he began bleeding from his head, leg, hand, and teeth, and experienced chest pain. ECF No. 1, at 1–4. The Complaint does not suggest that Plaintiff had committed a severe crime, posed a threat to anyone's safety, or resisted arrest. *Id*. Based on these allegations, the court finds that Plaintiff's Section 1983 excessive force claim may proceed against the "John Doe" Defendants in their individual capacities.[5]

To state a Fourteenth Amendment equal protection claim under Section 1983, "Plaintiff must allege facts showing that" **(i)** "he has been treated differently from similarly situated individuals," and **(ii)** "the discriminatory or different treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Johnson v. Comm'n on Hum. Rts. & Opportunities*, No. 3:24-CV-728 (KAD), 2025 WL 1233960, at *8 (D. Conn. Apr. 29, 2025) (quoting *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)). Alternatively, Plaintiff may allege "that he was intentionally treated differently from others similarly situated without a 'rational basis for the difference in treatment.'" *Id*. (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)); *see also Conquistador v. Corcella,* No. 3:22-CV-992 (JAM), 2023 WL 3006806, at *2 (D. Conn. Apr. 19, 2023) (providing that such a "class of one" claim requires plaintiffs to demonstrate

---

[5] The "John Doe" Defendants *may* be immune from Section 1983 liability pursuant to the doctrine of qualified immunity. *See, e.g., Johnson v. W. Hartford Police Dep't*, No. 3:21-cv-413 (CSH), 2022 WL 4356430 at *3 (D. Conn. Sept. 19, 2022) (acknowledging that qualified immunity "shields" law enforcement officers from liability unless such officers "acted 'under color of state law' in violation of 'clearly-established rights of which an objectively reasonable official would have known'") (citing *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). However, the court need not consider whether they are entitled to qualified immunity at this initial stage of the action, as it is "an affirmative defense that must be pleaded by a defendant official" after service of process. *Harlow v. Fitzgerald*, 57 U.S. 800, 815 (1982).

that they were treated differently than a person who is "*prima facie* identical") (citing *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019)).

Plaintiff represents that he "was so scared" of the John Doe Defendants during his November 2025 arrest because they are "white" and he is "African American."  ECF No. 1, at 2.  However, the Complaint contains no allegations that they deprived him of his rights on account of his race, or that they treated him differently from any similarly-situated arrestees when they did so.  *Id*. at 1–4.  Therefore, the court finds that Plaintiff has failed to state an equal protection claim against the John Doe Defendants under Section 1983, and dismisses such claim against them in their individual capacities without prejudice— meaning that Plaintiff may file an amended complaint that "explain[s] how the defendants purposefully discriminated against him because of his membership in an identifiable or suspect class," or "assert[s] that he was treated differently."  *Conquistador*, 2023 WL 3006806, at *2.

## B. Section 1983 Claim for Injunctive and Declaratory Relief

"At minimum," a plaintiff requesting injunctive or declarative relief under Section 1983 "'must show a likelihood that he or she will be injured in the future' by the defendant[s]."  *Bailey v. Riehl*, No. 3:24-CV-00993-SVN, 2024 WL 4904638, at *4 (D. Conn. Nov. 27, 2024) (quoting *Peck v. Baldwinsville Cent. School Dist*., 351 Fed. Appx. 477, 479 (2d Cir. 2009)).  "That is because federal courts have 'no jurisdiction' to consider requests for injunctive or declaratory relief when 'the underlying questions are moot,' or— in other words—when 'it is most unlikely that [the plaintiff] will [again] come into conflict with [the defendants] in circumstances similar to the ones presented [in the complaint],

10

and with the same results.'" *Id*. (quoting *Pancake v. McCarthy*, 806 F. Supp. 378, 379–380 (E.D.N.Y. 1992); *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)); *see also* U.S. CONST. art. III, § 2 (providing that federal judicial power only extends to "Cases" and "Controversies").

The Complaint contains *no* allegations about the likelihood of Defendants violating Plaintiff's constitutional rights in the future. ECF No. 1, at 1–4. Accordingly, the court dismisses the Section 1983 claim for declaratory and injunctive relief without prejudice—meaning that Plaintiff may file an amended complaint containing sufficient factual allegations that satisfy the "stringent standards" for seeking such relief. *Curtis v. City of New Haven*, 726 F.2d 65, 68 (2d Cir. 1984) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)) (providing that "[a]bsent a sufficient likelihood that he will again be wronged in a similar way . . . a federal court may not entertain a claim by any [plaintiff] who no more than assert[s] that certain practices of law enforcement officers are unconstitutional").

## IV.   **FURTHER ORDERS**

### A. **Motion to Appoint Counsel**

Plaintiff has filed a Motion to Appoint Counsel. ECF No. 4. Under Local Rule 83.10 of this District's Local Rules of Civil Procedure, a plaintiff may be appointed *pro bono* counsel "at the discretion of the presiding judge . . . when the judge determines that the appointment will serve the interests of justice based upon such factors as" **(i)** his "apparent ability or inability to afford legal counsel," **(ii)** "the likelihood that counsel may be secured under alternative fee arrangements," and **(iii)** the "apparent merit" of his

claims.  D. Conn. L. Civ. R. 83.10(c)(1); *see also Cooper v. A. Sargenti Co., Inc*., 877 F.2d 170, 172 (2d Cir. 1989) (advising district courts to consider "whether the [plaintiff's] position was likely to be of substance" when considering appointments of counsel, as well as his "ability to obtain representation independently" and his "ability to handle the case without assistance in the light of the required factual investigation").

The first two factors weigh in Plaintiff's favor.  *See* D. Conn. L. Civ. R. 83.10(c)(1). He is proceeding *in forma pauperis*, *see* ECF No. 15, earns no income, *see* ECF No. 4, at 1, and has $0.00 in his prisoner account, *see* ECF No. 14; *see also Davis v. Rinaldi*, No. 3:19-CV-504 (CSH), 2020 WL 7714415, at *4 (D. Conn. Dec. 28, 2020) (finding that a plaintiff's *in forma pauperis* status demonstrates his inability to hire his own counsel); 28 U.S.C. § 1915(e)(1) (providing that "the court may request an attorney to represent any person unable to afford counsel").  He also identifies at least three private attorneys who previously declined to represent him.   ECF No. 4, at 4–5; *see also Davis*, 2020 WL 7714415, at *4 (finding that a plaintiff must make at least three attempts to secure representation to demonstrate the unlikelihood of obtaining a private attorney); *but see Swinton v. Wright*, No. 3:16-CV-659 (SRU), 2016 WL 3579075, at *2 (D. Conn. June 28, 2016) (finding that a prisoner "cannot demonstrate that he is unable to obtain legal assistance on his own" without also attempting "to contact Inmates' Legal Aid Program, the organization under contract with [DOC] to provide legal assistance to Connecticut inmates").

The third factor, however, weighs against Plaintiff.  At this early stage of this action, the court cannot assess the "apparent merit" of his Section 1983 claim.  D. Conn. L. Civ. R. 83.10(c)(1); *see also Ferrelli v. River Manor Health Care Ctr*., 323 F.3d 196, 203 (2d

Cir. 2003) (recognizing that appointment of counsel primarily depends on whether "the [plaintiff's] position seems likely to be of substance") (citing *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir.1986)).  Accordingly, the court denies Plaintiff's request for the appointment of counsel, without prejudice to renewal at a later stage in this action.

### B. Defendants' Motions

Finally, the court grants the Motion for Extension of Time to Plead filed by Defendants, *see* ECF No. 1, and denies without prejudice to refiling on or before **August 20, 2026**, their Motion to Dismiss, *see* ECF No. 19, given that such Motion concerns many of the claims dismissed by this order.

Should Plaintiff file an amended complaint, the court shall permit Defendants additional time to revise and/or refile the Motion to Dismiss after the court has reviewed such amended complaint pursuant to the PLRA.

### V.    CONCLUSION

For all the foregoing reasons, it hereby is **ORDERED AND ADJUDGED** as follows:

1. The Section 1983 claim for excessive force may **PROCEED** against the "John Doe" Defendants in their individual capacities;

2. All other claims against all other Defendants are **DISMISSED** **without prejudice**;

3. Plaintiff **SHALL** file any amended complaint, if he chooses to do so, on or before **July 20, 2026;**

4. Plaintiff's Motion to Appoint Counsel is **DENIED** **without prejudice;**

5. Defendants' Motion for Extension of Time to Plead is **GRANTED**; and

6.  Defendants' Motion to Dismiss is **<u>DENIED</u> without prejudice** to refiling on or before **August 20, 2026**, if Plaintiff does not file an amended complaint, or by the date set by the court if he does file an amended complaint.

    **IT IS SO ORDERED** at Hartford, Connecticut, on this 29th day of June, 2026.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE

14